UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSH-SHAKKUR A. DERRICK, | : |
| Plaintiff, | : Civ. No. 22-4436 (RBK) (EAP) |
| v. | : |
| WARDEN JOHN CUZZUPE, | : OPINION |
| Defendant. | : |

**ROBERT B. KUGLER, U.S.D.J.**

I. INTRODUCTION

Plaintiff, Osh-Shuakkur A. Derrick ("Plaintiff" or "Derrick"), is a state pretrial detainee proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

This Court must screen the allegations of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall proceed in part.

II. FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff is now detained at the Atlantic County Justice Facility in Mays Landing, New Jersey. However, the incidents giving rise to his claims arose while Plaintiff was a pretrial detainee at the Salem County Correctional Facility in Woodstown, New Jersey. Plaintiff names one Defendant in the caption of his complaint, namely, Warden John Cuzzupe. However, for the

following reasons, this Court finds that Plaintiff may also be seeking to raise claims against other Defendants named in the body of his complaint as discussed *infra*.

On February 25, 2021, Plaintiff alleges that Officer Finnegan slammed Plaintiff's head into a brick wall. (*See* ECF 1 at 5). On February 26, 2021, Plaintiff alleges Officer Finnegan and Officer White used excessive force against him while he was detained. (*See id.*). More specifically, both officers bent Plaintiff's arms and legs which caused him severe pain. (*See id.* at 6). Lt. Welch subsequently rammed Plaintiff into his cell door for no reason. Welch then also flipped Plaintiff on his bed, performed a "wrestling move" on Plaintiff which caused him pain and caused Plaintiff to begin to lose his breath. (*See id.*). In an incident on May 3, 2021, Plaintiff also alleges White aggressively grabbed him. (*See id.*).

Next, Plaintiff alleges he told Officer Pierce on February 28, 2022 that he had not received lunch that day. (*See id.* at 7). During their dialogue, Plaintiff alleges Pierce told him that he should "lay [his] black ass down," and that "you're not getting any lunch Boy!" (*See id.*). Plaintiff also alleges Pierce called him a "nigger." (*See id.*).

Finally, Plaintiff names Lt. Crawford it the body of his complaint. He claims she should violated his due process rights. She purportedly handles and investigates all charges at Salem County Correctional Facility and then gives the results of her findings. (*See id.*). Plaintiff alleges she favors employees over pretrial detainees. (*See id.*). At one point, Plaintiff alleges Crawford threatened him by stating he "was gonna get hurt badly, by her officers."

With respect to Warden Cuzzupe, Plaintiff alleges he did not protect Plaintiff's constitutional rights and that he also failed to provide training and qualified staff that treated pretrial detainees with dignity. (*See id.* at 4).

Plaintiff seeks monetary damages as relief. (*See id.* at 6).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

3

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV.     DISCUSSION

A. Finnegan, White & Welch

This Court construes Plaintiff's complaint as seeking to raise claims against these officers at Salem County Correctional Facility based on their purported use of excessive force against Plaintiff. Claims of excessive force against a defendant by a plaintiff who is a pretrial detainee

4

are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, because pretrial detainees are not properly subject to punishment, whether cruel and unusual or otherwise. *See Dean v. Gloucester Cty., No.* 13–5197, 2016 WL 818708, at *5 (D.N.J. Mar. 2, 2016) (citing *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010)) (remaining citation and footnotes omitted). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Thus, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. That objective test "turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citation omitted). Additionally, in *Kingsley*, the United States Supreme Court explained:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham,* [490 U.S.] at 396, 109 S. Ct. 1865.

*Kingsley*, 576 U.S. at 397.

5

Plaintiff has sufficiently alleged claims against Finnegan, White and Welch related to their purported use of excessive force against Plaintiff to permit such claims to proceed past screening with respect to these three Defendants.

B. Pierce

This Court also construes Plaintiff's complaint as attempting to raise claims against Pierce. To reiterate, Plaintiff alleges he told Pierce he did not receive his lunch on one occasion to which Pierce responded by calling Plaintiff names and using racial slurs against him.

With respect to Plaintiff's claims against Pierce for purportedly not providing him with lunch on one occasion when Plaintiff complained to him as alleged, as a pretrial detainee, Plaintiff's conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs— e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32 (1993)) (remaining citation omitted). A plaintiff must allege that the defendant knew of and disregarded an excessive risk to plaintiff's health. *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

This Court's notes that missing one meal does not rise to the level of a constitutional violation, particularly where the plaintiff does not allege he suffered any specific harm from missing this one meal. *See Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a

constitutional violation"). Thus, Plaintiff fails to state a claim related to Pierce's involvement in any condition of confinement claim related to the denial of Plaintiff's lunch on one occasion.

Next, Plaintiff states that Pierce used racial slurs in responding to Plaintiff's inquiries about his missing lunch. While such utterances by Pierce are obviously abhorrent, assuming such utterances occurred for purposes of this screening opinion, the use of slurs/verbal insults are insufficient in and of themselves to amount to a constitutional violation. *See, e.g., Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006). Accordingly, Plaintiff fails to state a claim against Pierce upon which relief may be granted.

C. Crawford

Plaintiff next argues Crawford has violated his due process rights due to the way in which she investigates detainee scomplaints about Salem County Correctional Facility employees. Plaintiff's allegations though are insufficient to state a claim against Crawford due a lack of allegations regarding Crawford's role in any purported underlying constitutional violation. *See, e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegations they had received grievances by stating "[a]lthough some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Butler v. Penchishen*, No. 22-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either

7

filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."); *Brown v. Smith*, No. 18-00193, 2019 WL 2411749, at *5 (W.D. Pa. June 7, 2019) ("It is 'well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct.' ") (quoting *Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013)). Accordingly, Plaintiff's claims against Crawford are dismissed without prejudice for failure to state a claim upon which relief may be granted.

   D.  Cuzzupe

Plaintiff claims Cuzzupe is liable because he failed to provide trained and qualified staff members within the Salem County Correctional Facility. Thus, this Court presumes that Plaintiff is suing Cuzzupe under a supervisory theory of liability.

Supervisory liability in a § 1983 action must be predicated upon personal involvement, not *respondeat superior. See Brown v. Deparlos*, 492 F. App'x 211, 214–15 (3d Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). There are two theories of supervisory liability applicable to § 1983 claims; they are: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Del. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). With respect to the second theory of liability, the plaintiff must show that "(1) existing policy or practice creates an unreasonable risk of

constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Plaintiff's complaint does not implicate the first theory of supervisory liability against Cuzzupe. Thus, this Court presumes he is proceeding under the second theory. "Where the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact.'" *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("*Canton*")). A plaintiff must identify the deficiency in a municipality's training program and "the deficiency in training [must have] actually caused" the constitutional violation. *Id.* (quoting *Canton*, 489 U.S. at 391)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* (citing *Connick*, 131 S.Ct. 1350, 1359 (2011)). To demonstrate deliberate indifference where a plaintiff claims failure to train, the plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees." *Thomas* 749 F.3d at 223 (quoting *Connick*, 131 S. Ct. at 1360).

Plaintiff's complaint fails to state a claim against Cuzzupe under the second theory of supervisory liability as well. It does not set forth sufficient facts to establish that Cuzzupe instituted or maintained a policy, practice or custom that directly caused the constitutional harm to Plaintiff related to the constitutional injuries he has sufficiently alleged related to the force

used against him by Finnegan, White and/or Welch. His allegations setting forth a failure to train are only vague and conclusory that are insufficient to sustain such a supervisory liability claim. *See, e.g., Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995). Accordingly, Plaintiff's claims against Cuzzupe will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint shall proceed past screening in part. Plaintiff's claims against Defendants Finnegan, White and Welch shall proceed. Plaintiff's claims against Pierce, Crawford and Cuzzupe are dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

DATED: July 18, 2023                                          s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge